**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Bankruptcy No.: 19-23101-CMB |
| SHANNON STALEY & SONS, LLC | Chapter 11 |
| Debtor. | Document No.: |
| | Hearing Date and Time:<br>June 1, 2020 at 1:30 p.m. |

**CREDITOR NATIONAL COMMUNITY REINVESTMENT COALITION'S OBJECTION TO DISCLOSURE STATEMENT**

Comes now, National Community Reinvestment Coalition ("NCRC"), by and through its undersigned counsel, and hereby files its objection to the adequacy of the Debtor's Disclosure Statement Pursuant to Section 1125 of Title 11 of the United State Code for the Debtor's Chapter 11 Plan of Reorganization (hereinafter the "Plan") and states the following in support of its objection:

1. On August 6, 2019, Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Debtor filing its petition, NCRC engaged Debtor to perform certain construction work on twenty (20) of NCRC's properties as part of its renovation program. Debtor failed to perform the work in a workmanlike manner or otherwise failed to complete the work resulting in NCRC sustaining damages.

3. NCRC advised the Debtor of its claim prior to the Debtor commencing this bankruptcy proceeding yet Debtor failed to disclose this in any of its filings with this Court and at the same time Debtor failed to disclose the bankruptcy proceeding to NCRC.

4. On February 11, 2020, NCRC filed a proof of claim for accrued damages.

1

Case 19-23101-CMB    Doc 143    Filed 04/24/20    Entered 04/24/20 14:48:11    Desc Main
Document      Page 2 of 5

5. On March 9, 2020 NCRC filed an amended proof of claim for its accrued damages.

6. Debtor is disputing NCRC proof of claim and has filed an objection thereto.

7. Debtor filed its Disclosure Statement on March 13, 2020 and pursuant to the Court's Order of March 16, 2020, any objection to the Disclosure Statement are to be filed and served on or before April 24, 2020.

**OBJECTIONS**

8. To the extent NCRC objections are deemed, in whole or in part, to be an objection to the confirmation of the Plan rather than an objection to the Debtor's Disclosure Statement and the adequacy of the Disclosure Statement, NCRC reserves the right to the assert any such objection, as well as any other objections, to the confirmation of the Debtor's Plan at the appropriate time.

9. "An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets." 11 U.S.C. §1125(b).

10. Adequate information " means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical

investor of the relevant class to make an informed judgment about the plan" 11 U.S.C. §1125(a) in part.

11. The primary purpose of the disclosure statement is to give creditors adequate information necessary for them to decide whether to accept the proposed plan. *In Re Monroe Well Service, Inc.*, 80 B.R.324, 16 Bankr. Ct. Dec. (LRP) 1077 (Bankr. E.D.Pa. 1987).

12. NCRC believes the Debtor's Disclosure Statement fails to provide sufficient information to enable a reasonable person to make an "informed judgment about the plan."

13. The Debtor's Disclosure Statement states that funds to pay unsecured creditors such as NCRC "will come from both ongoing operations of the Debtor as well as proposed post-petition financing provided by Enterprise Bank, N.A." *See* Disclosure Statement at Article IV, Section 11.

14. The Disclosure Statement also provides that payments to other classes of creditors are contingent upon the post-petition closing of financing through Enterprise Bank.

15. The Debtor has failed to provide any information whatsoever regarding the proposed post-petition financing from Enterprise Bank and the feasibility of said financing post-petition.

16. Given the Debtor's current status, NCRC believes that in order to obtain any financing the Debtor's principals will be required to sign as a guarantor to obtain any future financing. Debtor's Disclosure Statement fails to provide any information as to the financial status of Debtor's principal, Steve Daniele. His financial status would impact the Debtor's ability to obtain the post-petition financing through Enterprise Bank that the Debtor's Plan relies upon.

17. Where a debtor requires financing in order to satisfy the feasibility of the proposed plan of restructure, the failure to provide financial information concerning the debtor-entity's principals renders the disclosure statement insufficient. *See In re Olive Street Investments, Inc.,* 117 B.R. 488 (E.D. Missouri 1990).

18. Additionally, NCRC objects to the Debtor's Disclosure Statement as it fails to identify or provide any information regarding potential insurance coverage Debtor maintained that may cover the claims and accrued damages sustained by NCRC due to Debtor's actions.

19. Given the Debtor's failure to provide the aforementioned information in its Disclosure Statement the Court should reject the Disclosure Statement.

WHEREFORE, National Community Reinvestment Coalition respectfully requests the Court enter an order denying approval of the Debtor's Disclosure Statement unless Debtor provides sufficient information relating to the post-petition financing, financial status of its principals, and potential insurance coverage and grant it such other relief as the Court deems just and proper.

Date:  April 24, 2020.                              Respectfully submitted,

*/s Philip J. Sbrolla*_____
Philip J. Sbrolla, Esquire
Pa. I.D. No. 90231
**Post & Schell, P.C.**
One Oxford Centre
301 Grant Street, Suite 3010
Pittsburgh, PA 15219
Phone:  (412) 506-6377
psbrolla@postschell.com

*Counsel for National Community Reinvestment Coalition*

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Bankruptcy No.: 19-23101-CMB |
| SHANNON STALEY & SONS, LLC | Chapter 11 |
| Debtor. | Document No.: |
| | Hearing Date and Time:<br>June 1, 2020 at 1:30 p.m. |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2020, I electronically filed the foregoing using the CM/ECF system, which constitutes service upon all counsel of record.

/s Philip J. Sbrolla_____
Philip J. Sbrolla, Esquire
Pa. I.D. No. 90231
**Post & Schell, P.C.**
One Oxford Centre
301 Grant Street, Suite 3010
Pittsburgh, PA 15219
Phone: (412) 506-6377
psbrolla@postschell.com

*Counsel for National Community Reinvestment Coalition*

5